UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARL MCFERREN, Sr., | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 06285 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| PHH MORTGAGE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Carl D. McFerren, Sr., brought this case *pro se*, alleging that the mortgage and note on his home were "split," and now he wants to quiet title. R. 1 at 5. He specifically asks the Court to "make a determination as the title and rights and interest" in the property. *Id.* McFerren actually filed the suit "as the executor of the Estate of Vivian H. McFerren." *Id.* In the Court's initial scheduling order, the Court ordered McFerren to file a status report, including an explanation of the basis for subject matter jurisdiction. R. 8, Attachment 1. Although McFerren had cited federal constitutional provisions, the claim appeared to be really a state-law quiet title action, which would require diversity of citizenship for jurisdiction.

The defendant is PHH Mortgage Corporation, which became the holder of the note and decided to foreclose on it after default. PHH has filed a motion to dismiss for lack of subject matter jurisdiction. The response was due on December 11, 2013, but McFerren did not file a response. Setting aside the diversity jurisdiction issue, PHH argues that there is a *Rooker-Feldman* bar to jurisdiction, because the Illinois state court has already entered judgment on the note. As PHH's motion explains, as supported by the exhibits (which are fair game to consider because the motion argues lack of subject matter jurisdiction), the mortgagors were actually Carl F. McFerren, Sr., and Vivian H. McFerren. The state court entered judgment of foreclosure and sale on July 13, 2011. The order confirming the sale was entered on August 21, 2013.

PHH is correct that *Rooker-Feldman* deprives the lower federal courts of jurisdiction over McFerren's lawsuit. "The *Rooker–Feldman* doctrine is jurisdictional in nature. . . . It prevents lower federal courts from reviewing state-court judgments, over which only the United States Supreme Court has federal appellate jurisdiction." *Crawford v. Countrywide Home Loans*, 647 F.3d 642, 645-46 (7th Cir. 2011) (challenge to mortgage foreclosure judgment was precluded by *Rooker-Feldman* doctrine) (citing, among other cases, *Skinner v. Switzer*, – U.S. –, 131 S. Ct. 1289, 1297 (2011)). To be sure, the doctrine is a narrow one, "confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* (quotation omitted). But that is what McFerren seeks here (on behalf of the Estate of Vivian McFerren): to overturn the judgment of foreclosure and sale already entered in state court. This lower federal court cannot do that under *Rooker-Feldman,* and thus there is no subject matter jurisdiction over this lawsuit.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: December 12, 2013